Dear Mr. Johnson:
You have asked this office to review the provisions of the Louisiana Dual Officeholding and Dual Employment Laws, La.R.S. 42:61, et seq., as applied to the following questions:
1. May a full-time employee of the City of Donaldsonville also hold part-time employment with the Parish of Ascension?
2. May a full-time employee of the City of Donaldsonville also hold a separate position of part-time employment with the City of Donaldsonville?
You advise that all positions are considered to be positions ofemployment, meaning a "job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee . . . of a political subdivision thereof."[1] A person holds employment on a full-time basis were he is expected to work at least seven hours per day of work and at least thirty-five hours per week of work.[2] A person holds employment on a part-time basis were he is expected to work hours less than the work hours defined to be full-time.[3] *Page 2 
We first point out that both the City of Donaldsonville and Ascension Parish are home rule charter governments. It is the opinion of this office that the home rule charters of the City of Donaldsonville and of Ascension Parish must first be examined for dual officeholding and dual employment provisions which prohibit the holding of two positions of public employment. The home rule charter provisions concerning dual employment are controlling in the event of a conflict with state law regulating dual employment.[4]
Home rule charter provisions which prohibit one from holding two particular positions of employment control over state law would not prohibit one from holding both employments. In the alternative, home rule charter provisions which permit one to hold two particular positions of employment control over state law to the contrary. This office has not been provided with any city or parish home rule charter provisions concerning dual employment, and we offer no opinion in this regard.
State law regulating dual public employment prohibits one from holding two positions of full-time employment, but does not prohibit the holding of two positions if one is held on a part-time basis.[5] This general conclusion is subject to the limitation that the two employments are not incompatible under La.R.S. 42:64.[6] For instance, a person holds incompatible employments where one *Page 3 
position of employment exercises supervisory authority over the other position of employment.[7]
The determination that two employments are incompatible is a factual determination which this office is unable to make, but we suggest that the job descriptions of the positions of interest (which have not been provided this office) must be reviewed to confirm that the employments are not incompatible. The job descriptions should also be reviewed to verify that the hours assigned to each employment do not overlap. In other words, the part-time duties must not be performed during the hours designated for the full-time position.
We also note that an employee of the City of Donaldsonville is enrolled in the Municipal Employees Retirement System (MERS). Both the employee and the City make contributions to the system. Under the provisions of state law applicable to MERS, a member of the retirement system is defined to be a permanent employee working at least an average of thirty-five hours per week.[8] A part-time City employee working less than thirty-five hours per week does not fall within the statutory definition of member and is ineligible for membership in the municipal retirement system.
We have spoken with Mr. Randy Zinna, attorney for MERS, who confirmed that the foregoing interpretation of the municipal retirement law has been adopted by MERS. Mr. Zinna further advised this office that in the scenario of a person's dual employment with the City of Donaldsonville, MERS will accept contributions on wages earned in the full-time position, but will not accept contributions on wages earned in the part-time position.
In the absence of contrary home rule charter provisions or applicable civil service rules, it is the opinion of this office that the state dual employment law does not prohibit a full-time employee of the City of Donaldsonville from holding at the same time an additional position of part-time employment with Ascension Parish *Page 4 
or with the City of Donaldsonville, where the employments are not incompatible, and the work hours do not conflict.
This opinion is limited to an examination of state law regulating dual employment. Ethical concerns raised by these circumstances must be submitted to the Louisiana State Board of Ethics for review and resolution. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, etseq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] See La.R.S. 42:62(3).
[2] See La.R.S. 42:62(4).
[3] See La.R.S. 42:62(5).
[4] La.R.S. 42:66(D) provides:
D. Nothing in the Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial officer or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
[5] La.R.S. 42:63(E) provides:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[6] La.R.S. 42:64 provides for incompatible offices and employments, and prohibits the holding two positions of public employment where:
(1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other . . .
(2) The incumbent of one office, whether or not in conjunction with fellow officers, or employment receives the oath and/or bond of the incumbent of the other.
(3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other office or employment.
(4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
(5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
(6) Funds received by one office or employment are deposited with or turned over to the other office or position.
[7] See La.R.S. 42:64(4), providing employments are incompatible where "the incumbent of one . . . employment is required by law to execute orders and follow directions given by the incumbent of the other . . . employment."
[8] La.R.S. 11:1732(18) defines member to mean "a contributing employee who is covered under the provisions of this Chapter" while La.R.S. 11:1732(13) defines employee to mean "a person including an elected official, actively employed by a participating employer on a permanent, regularly scheduled basis of at least an average of thirty-five hours per week."